UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PATRICIA CASSADAY,

    Plaintiff,

  v.

WYETH and WYETH PHARMACEUTICALS,

    Defendants.

CASE NO. C03-3888C

ORDER

This matter has come before the Court on Defendant Wyeth's motion for leave to take supplemental depositions. Having considered the papers filed by the parties in support of and in opposition to the motion, the Court hereby GRANTS the motion.

Plaintiff in this case seeks to recover against Defendants for injury to her heart valves that she alleges resulted from her having taken the diet medication Redux for a period of about 5 months in 1997. Defendant deposed Plaintiff for about five hours on November 23, 2004. Defendant now seeks to take two brief supplemental depositions, one each of Plaintiff and of her treating cardiologist, who was deposed for about two hours on January 20, 2005.

The Federal Rules of Civil Procedure permit supplemental depositions to be taken if the additional discovery is not unreasonably cumulative or duplicative, if the party seeking discovery has not had ample

ORDER – 1

opportunity to obtain the information sought, and if the burden of the discovery does not outweigh the likely benefit when viewing the case as a whole. FED. R. CIV. P. 26(b)(2), 30(a)(2)(B). In addition, the Court notes that the Suggestion of Remand Order for this action expressly noted that this Court could permit additional discovery at its discretion.

Here, Defendant contends that the additional depositions are necessary in order to obtain an update on Plaintiff's health generally and on her cardiac health.

Plaintiff's response to Defendant's motion notably does not deny that she may present testimony at trial regarding her current medical condition and her prognosis that post-date Defendant's depositions in this case. She merely objects that the depositions are burdensome, that Defendant had ample opportunity to obtain the information sought in other ways, and that because Defendant has presented no evidence to suggest that Plaintiff's health condition has changed, Defendant is embarking on an impermissible fishing expedition.

The Court agrees with Defendant that the proposed two-hour deposition of Plaintiff is the optimal method of obtaining the information it seeks. The real-time interface of the deposition format will permit Defendant to tailor its inquiries on the basis of Plaintiff's responses. In contrast, were Defendant to seek to obtain the information through interrogatories, Defendant would not be able to ask Plaintiff to elaborate more on certain questions. In addition, Defendant would be forced to speculate as to the appropriate and applicable scope of the interrogatories. Accordingly, the Court finds that Defendant's choice of the deposition format is appropriate and timely.

With respect to Plaintiff's current condition, although the "available evidence" may now indicate that Plaintiff's health has been stable since one year after her diagnosis, Defendant is entitled to discover pre-trial whether Plaintiff's health has worsened, stayed the same, or improved in the almost two year-period since Plaintiff was last deposed. If Plaintiff's health has changed for better or for worse, this could have a significant impact on the shape of this case.

For the foregoing reasons, the Court grants Defendant's motion to take a brief supplemental

ORDER – 2

deposition of Plaintiff. Defendant's request to conduct an additional brief deposition of Dr Kandallu is also granted, for the same reasons.[1]

SO ORDERED this 8th day of August, 2006.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff suggests that if Defendant is entitled to supplemental depositions that she, too, is entitled to a supplemental deposition of Wyeth personnel. However, as Defendant correctly points out, although Plaintiff's health might have changed in the last two years, the facts regarding Wyeth's research, development and marketing of Redux have not.

ORDER – 3